UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CAMALI TV, INC.,

        Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

        Defendant.

**MEMORANDUM & ORDER**
22-CV-06278 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Defendant Travelers, which is currently the only defendant in this case, has moved to dismiss this insurance coverage dispute based on the statute of limitations.  ECF No. 8.  Plaintiff has responded both by opposing the motion to dismiss and by seeking permission to amend its complaint to:  (i) add a claim against Travelers for breach of the covenant of good faith and fair dealing and (ii) add claims against Plaintiff's insurance broker, which would need to be joined as a new defendant.  ECF Nos. 10, 12.  For the reasons set forth below, the Court grants Travelers' motion to dismiss the claims in Plaintiff's current complaint, denies as futile Plaintiff's request to add a claim against Travelers, and denies Plaintiff's proposed amendments to add claims against its insurance broker.

**PROCEDURAL HISTORY**

    Plaintiff commenced a lawsuit in state court in June 2022, asserting claims related to Travelers' denial of insurance coverage following a fire that occurred at Plaintiff's property in September 2015.  ECF No. 1-1.  Plaintiff's original state court complaint included two claims against Travelers:  one asserting breach of contract and seeking $1,672,500 in damages related to Travelers' alleged failure to provide insurance coverage that Plaintiff is owed, and another

seeking a declaratory judgment that Travelers is required to provide coverage according to the terms of the parties' insurance policy.  *Id.* ¶¶ 26–43.

Travelers removed the case to this Court based on diversity jurisdiction because Plaintiff is a corporation organized under the laws of New York with its principal place of business in New York, and Travelers is a corporation organized under the laws of Connecticut with its principal place of business in Connecticut.  ECF No. 1.  After Travelers' removal, Plaintiff filed a letter requesting a pre-motion conference, which argued that the case should be remanded to state court because Travelers entered into a stipulation, while the case was still pending in state court, waiving any defenses related to personal jurisdiction and insufficient service.  ECF No. 5.  Plaintiff asserted that the stipulation waived Travelers' right to remove the case.  *Id.*  Travelers opposed Plaintiff's arguments that the case should be remanded, *see* ECF No. 6, and the Court entered an order declining to remand the case, *see* ECF No. 7.

Travelers has now filed a motion to dismiss Plaintiff's complaint, asserting that Plaintiff's claims are barred by a two-year statute of limitations agreed to in the parties' insurance policy.  ECF No. 8.  Plaintiff has not only opposed that motion, *see* ECF No. 12, but also has filed a pre-motion letter seeking permission to file a motion to amend its complaint, which includes a proposed amended complaint, *see* ECF No. 10.  Plaintiff's proposed amended complaint would add a new cause of action against Travelers for violating the covenant of good faith and fair dealing in connection with Travelers' denial of insurance coverage.  ECF No. 10-1 ¶¶ 51–61.

Plaintiff's proposed amended complaint would also add a new defendant, Sherwood M. Walls, Inc., the insurance broker through which Plaintiff purchased the insurance policy at issue in this case.  ECF No. 10-1 ¶¶ 13–14.  Plaintiff alleges that Sherwood is a corporation organized under the laws of New York and has its principal place of business in New York.  *Id.* ¶ 7.

2

Permitting Plaintiff to amend its complaint would therefore destroy diversity jurisdiction, which is the only basis for the Court to exercise jurisdiction over the case.

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

When deciding a motion to dismiss, the Court "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021). The Court may therefore consider the insurance policy between Plaintiff and Travelers because, although Plaintiff did not attach a copy of the policy to its complaint, Plaintiff incorporated it by reference by referring to its unique policy number, "QT-660-6F582329." ECF No. 1-1 ¶ 27. Plaintiff's allegation matches the policy number on the copy of the policy that Travelers has provided as an exhibit to its motion to dismiss. ECF No. 8-4.

With respect to Plaintiff's request to amend its complaint, Rule 15 requires Plaintiff to receive permission from either Travelers or the Court to amend its complaint more than 21 days after either serving the original complaint or receiving Travelers' answer or a motion to dismiss.

---

[1]  Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

Fed. R. Civ. P. 15(a)(2). Such approval is required in this case because Plaintiff requested leave to amend 28 days after receiving Travelers' motion to dismiss—*i.e.*, outside the time limit in which Plaintiff was entitled to amend its complaint as of right. *See* ECF Nos. 8, 10.

In circumstances where the Court's permission is required to amend a complaint, "Federal Rule of Civil Procedure 15(a) provides that courts should freely give leave to amend when justice so requires. A district court may in its discretion deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Bensch v. Est. of Umar*, 2 F.4th 70, 81 (2d Cir. 2021). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Olson v. Major League Baseball*, 29 F.4th 59, 72 (2d Cir. 2022).

The Court finds it appropriate to decide Plaintiff's request to amend its complaint solely based on the parties' pre-motion letters. As further explained below, Plaintiff's proposed claim against Travelers for breach of the covenant of good faith and fair dealing "clearly lack[s] merit," which renders that proposed amendment futile. *See Int'l Code Council, Inc. v. UpCodes Inc.*, 43 F.4th 46, 54 (2d Cir. 2022) (describing the circumstances in which district courts may decide motions based on pre-motion letters). Additionally, denying Plaintiff's proposed amendments to add Sherwood as a new defendant does not amount to a dispositive ruling on those claims because, to the extent that they are valid and timely, Plaintiff may pursue them in state court, which has been Plaintiff's preferred forum from the outset of this case. *See id.*

## DISCUSSION

### I.     The Court Has Diversity Jurisdiction Over the Current Parties

Plaintiff contends that, even if the Court does not accept its proposed amended complaint, the current complaint between Plaintiff and Travelers does not establish diversity of citizenship,

4

and the case should either be remanded to state court or dismissed without prejudice for lack of subject matter jurisdiction. ECF No. 12-1 at 3. Plaintiff's theory is that this is a "direct action against the insurer of a policy or contract of liability insurance," and that Travelers should, therefore be treated as also being a citizen of "[e]very State and foreign state of which the insured [*i.e.*, Plaintiff] is a citizen," rather than as only a citizen of Connecticut. *See* 28 U.S.C. § 1332(c)(1)(A).

This is not a direct action against an insurer to which the special rules of diversity jurisdiction apply. "A direct action is a lawsuit by a person claiming against an insured but suing the insurer directly instead of pursuing compensation indirectly through the insured." *In re Johns-Manville Corp.*, 759 F.3d 206, 209 n.2 (2d Cir. 2014). "[S]imply because an insurer is a direct party does not make the litigation a direct action." *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 674 (2d Cir. 1992). Instead, "courts have tended to limit the § 1332(c) proviso to situations where the insurer's status is that of a payor of a judgment based on the negligence of one of its insureds." *Id.* The special citizenship rule in 28 U.S.C. § 1332(c)(1)(A) "does not affect suits against [an] insurer based on its independent wrongs: such as actions brought against the insurer either by the insured for failure to pay policy benefits or by an injured third party for the insurer's failure to settle within policy limits or in good faith." *Id.* at 675. In such cases, the parties are "entitled to invoke diversity jurisdiction." *Id.* at 678.

Plaintiff's claims are exactly the type of claims that the Second Circuit has held are not a direct action against an insurer. Plaintiff is suing its own insurer seeking payment on a claim that Plaintiff asserts Travelers should cover pursuant to Plaintiff's own insurance policy. Therefore, Plaintiff's claims against Travelers do not fall within the purview of 28 U.S.C. § 1332(c)(1)(A), and the ordinary rules of diversity jurisdiction apply. *Oshetski v. Allstate Ins. Co.*, No. 17-cv-4193, 2017 WL 2880844, at *3 (S.D.N.Y. July 6, 2017) (refusing to apply 28 U.S.C. §

1332(c)(1)(A), and refusing to remand case for lack of diversity jurisdiction, where plaintiff "assert[ed] two claims for breach of the insurance contract against her own insurer"). Accordingly, the Court may exercise diversity jurisdiction over Plaintiff's claims against Travelers.

## II. The Court Denies Plaintiff's Motion to Add Its Insurance Broker as a New Defendant

Plaintiff asserts that it should be permitted to amend its complaint to assert claims against Sherwood because Sherwood is a "necessary party," but Plaintiff's pre-motion letter does not cite any legal authority supporting that assertion. ECF No. 10 at 1. Plaintiff cannot add Sherwood as a defendant because doing so would destroy diversity jurisdiction. Furthermore, since Sherwood is not actually a necessary party, the Court's inability to add Sherwood to this case does not prevent it from deciding Plaintiff's claims in its original complaint against Travelers.

"Fed. R. Civ. P. 19 sets forth a two-step test for determining whether the court must dismiss an action for failure to join an indispensable party. First, the court must determine whether an absent party belongs in the suit, *i.e.*, whether the party qualifies as a 'necessary' party under Rule 19(a)." *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000). "If a party does not qualify as necessary under Rule 19(a), then the court need not decide whether its absence warrants dismissal under Rule 19(b)." *Id.* "But where the court makes a threshold determination that a party is necessary under Rule 19(a), and joinder of the absent party is not feasible for jurisdictional or other reasons, the court must finally determine whether the party is 'indispensable.' If the court determines that a party is indispensable, then the court must dismiss the action pursuant to Rule 19(b)." *Id.* at 725. Sherwood does not satisfy either aspect of the

6

two-step test. It is not a necessary party who must be added as a defendant, and even if it were, it is not an indispensable party whose absence would require the Court to dismiss this case.

Sherwood is not a necessary party according to Rule 19(a)(1)(A) because that provision applies "only if in that party's absence complete relief cannot be accorded *among those already parties*." *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 385 (2d Cir. 2006) (emphasis in original). The Court does not need to add Plaintiff's claims against Sherwood to provide complete relief to the existing parties—*i.e.*, to decide whether Travelers should pay Plaintiff pursuant to the terms of Plaintiff's insurance policy. Plaintiff's proposed claims against Sherwood are all premised on Plaintiff's assertion that, if Plaintiff is not entitled to recover anything from Travelers under the policy, then Sherwood is liable to Plaintiff in either contract or tort for having failed to acquire for Plaintiff an adequate insurance policy. ECF No. 10-1 ¶¶ 62–101. But Plaintiff allegedly had a separate agreement with Sherwood related to acquiring an insurance policy; Sherwood is not a party to Plaintiff's insurance policy with Travelers. *Id.* ¶ 63.

"A nonparty to a commercial contract," such as Sherwood relative to Plaintiff's contract with Travelers, "ordinarily is not a necessary party to an adjudication of rights under the contract." *ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.*, 102 F.3d 677, 682 (2d Cir. 1996); *see also DSM Nutritional Prods., LLC v. Provitas, LLC*, No. 20-cv-476, 2020 WL 7389050, at *7 (N.D.N.Y. Dec. 16, 2020) (reiterating same principle and declining to join party because the court could "resolve the contract dispute between" the existing parties "without including" the proposed party). Plaintiff's contract with Sherwood "is not the basis of the litigation" between Plaintiff and Travelers, even though the Court's resolution of that litigation might "affect the rights of a third party with a separate contract [*i.e.*, Sherwood]" by leaving Plaintiff wanting to assert separate breach of contract claims against Sherwood. *Volkswagen Grp. of Am., Inc. v. GPB Cap. Holdings, LLC*, No. 20-cv-1043, 2021 WL 431443, at *7

7

(S.D.N.Y. Feb. 8, 2021). Under these circumstances, adding "the third party [*i.e.*, Sherwood] is not necessary." *Id.*

Sherwood also does not meet the criteria for a necessary party described in Rule 19(a)(1)(B), which requires that the absent party "claims an interest relating to the subject of the action." Fed. R. Civ. P. 19(a)(1)(B). Plaintiff may insist that Sherwood has an interest in this litigation, but Sherwood has not appeared to assert that it has any interest whatsoever. The "absent party must claim an interest" in an ongoing litigation for that party to be considered necessary; an existing party may not insist on the absent party's behalf that such an interest exists. *Wash. Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 135 (2d Cir. 2020). Since that "threshold requirement" has not been satisfied here, Sherwood is not a necessary party. *See id.*

Even if Sherwood were a necessary party that satisfied any of the criteria described in Rule 19(a), since its New York citizenship would destroy diversity jurisdiction, the Court may continue this litigation without Sherwood unless Sherwood is an indispensable party according to the criteria described in Rule 19(b). *Viacom Int'l*, 212 F.3d at 725. To determine whether an absent party is indispensable, courts must consider: "(1) whether a judgment rendered in a person's absence might prejudice that person or parties to the action, (2) the extent to which any prejudice could be alleviated, (3) whether a judgment in the person's absence would be adequate, and (4) whether the plaintiff would have an adequate remedy if the court dismissed the suit." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 133 (2d Cir. 2013). When assessing these criteria, the Second Circuit has instructed "that very few cases should be terminated due to the absence of nondiverse parties unless there has been a reasoned determination that their nonjoinder makes just resolution of the action impossible." *Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co.*, 312 F.3d 82, 87 (2d Cir. 2002); *see also Am. Trucking Ass'n, Inc. v. N.Y. State Thruway Auth.*, 795 F.3d 351, 357 (2d Cir. 2015) ("Federal courts are

8

extremely reluctant to grant motions to dismiss based on nonjoinder and, in general, dismissal will be ordered only when the defect cannot be cured and serious prejudice or inefficiency will result.").

The relevant factors do not require dismissing this case because deciding Plaintiff's claims against Travelers without Sherwood's participation does not cause anyone sufficient prejudice. As explained above, Sherwood is not a party to Plaintiff's insurance contract with Travelers. *See CP Solutions PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 159–61 (2d Cir. 2009) (holding that even absent party that was a party to the contract between plaintiff and defendant was not an indispensable party). Deciding Plaintiff's and Travelers' rights under their contract will, therefore, cause no prejudice to Plaintiff's and Sherwood's rights under their separate contract.

Having concluded that Sherwood is not a necessary party that Plaintiff is required to join as a defendant, the Court also concludes that Plaintiff should not be allowed to join Sherwood according to the rules of permissible joinder. The removal statutes foresee a situation like this, in which a plaintiff might attempt to add a non-diverse defendant after a case has been removed from state court. The applicable statute says that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Courts "permit a joinder which destroys diversity jurisdiction only when consistent with principles of fundamental fairness," and they "make such a fairness determination" by considering the following factors: "(1) any delay and the reason for delay, (2) prejudice to the defendant, (3) the likelihood of multiple litigation, and (4) the plaintiff's motivation in seeking joinder." *Isaly v. Boston Globe Media Partners, LLC*, 650 F. Supp. 3d 106, 114 (S.D.N.Y. 2023)

9

(holding that plaintiff could not amend complaint to add two non-diverse defendants after initial defendant removed case from state court).

These factors show that Plaintiff should not be permitted to amend its complaint to add Sherwood as a defendant. Plaintiff sought to amend its complaint approximately eight months after the case was removed to this Court and a full year after filing this case in state court. Courts measure the period of a plaintiff's delay "from the date of removal," *see Isaly*, 650 F. Supp. 3d at 114, but even that eight-month delay is substantial. *See Lebetkin v. Giray*, No. 18-cv-8170, 2018 WL 5312907, at *2 (S.D.N.Y. Oct. 26, 2018) (refusing to permit amendment or to remand case and holding that a delay of six months between removal and plaintiff's attempted amendment was a "substantial delay"). Travelers would be prejudiced by remanding this case to state court because it has already briefed its motion to dismiss, and this Court has already become familiar with the case because of Plaintiff's prior remand motion. Therefore, "remand would potentially result in the inefficient use of both party and judicial resources." *Isaly*, 650 F. Supp. 3d at 115 (finding prejudice to defendant because "[d]efendant's motion to dismiss this case is currently pending and fully briefed"). Finally, Plaintiff's delay in seeking amendment, coupled with the fact that Plaintiff sought amendment only after having lost a remand motion, compels the conclusion that "Plaintiff's apparent motivation for joinder is to remand the case to state court," rather than Plaintiff's good faith desire to assert claims against Sherwood. *See McWilliams v. Gonzalez*, No. 21-cv-1135, 2022 WL 1718037, at *5 (D. Conn. May 27, 2022) (denying motion to join non-diverse defendant and denying motion to remand case). "[T]he desire to relocate a suit to a state forum" "is not a permissible basis to join an otherwise unnecessary and dispensable" party. *Id.*

### III. Plaintiff's Current Claims Against Travelers Are Barred by the Statute of Limitations, and Plaintiff's New Proposed Claim Would be Futile

As explained above, the Court has diversity jurisdiction over the claims between Plaintiff and Travelers, Plaintiff will not be permitted to add its proposed claims against Sherwood, and the absence of Sherwood does not require the Court to dismiss Plaintiff's claims against Travelers or to remand those claims to state court. The Court may, therefore, decide Travelers' motion to dismiss. And as explained below, the declaratory judgment and contract claims against Travelers in Plaintiff's initial complaint must be dismissed because Plaintiff has not complied with the two-year statute of limitations agreed upon in the parties' insurance policy. Plaintiff's proposed claim against Travelers for breach of the implied covenant of good faith and fair dealing, asserted in Plaintiff's proposed amended complaint, suffers from the same defect and is duplicative of the contract claim, so permitting that amendment would be futile. *See* ECF No. 10-1 ¶¶ 51–61.

Plaintiff's insurance policy with Travelers required that any "legal action against" Travelers be "brought within 2 years after the date on which the direct physical loss or damage occurred." ECF No. 8-4 at 16. As previously described, Plaintiff alleges that the fire for which it sought insurance coverage occurred in September 2015, yet Plaintiff did not file this lawsuit until June 2022. ECF No. 1-1 ¶¶ 10, 16. Plaintiff's claims against Travelers would therefore be time-barred if the statute of limitations in the parties' insurance policy applies.

The parties' agreed upon two-year statute of limitations does, in fact, bar Plaintiff's claims because New York law permits parties to agree to a shorter statute of limitations than the six-year period that typically applies to breach of contract claims.[2] *See* N.Y. C.P.L.R. § 213(2)

---

[2] Notably, since Plaintiff alleges that the fire damage occurred in September 2015, *see* ECF No. 1-1 ¶ 10, and Travelers says that it denied coverage in March 2016, *see* ECF No. 8-5, it

11

(establishing six-year statute of limitations). The New York Court of Appeals has held, specifically in the context of an insurance dispute, that "[a]n agreement which modifies the Statute of Limitations by specifying a shorter, *but reasonable*, period within which to commence an action is enforceable." *Exec. Plaza, LLC v. Peerless Ins. Co.*, 5 N.E.3d 989, 991 (N.Y. 2014) (emphasis in original). In doing so, the Court of Appeals explained that "there is nothing inherently unreasonable about a two-year period of limitation" and that it had previously "enforced contractual limitation periods of one year." *Id.* Following this rule, the Second Circuit has affirmed the dismissal of a plaintiff's claims based on a two-year statute of limitations provision contained in a similar Travelers insurance policy, explaining that the policy "[wa]s not only unambiguous, it [wa]s also reasonable and therefore enforceable against [the plaintiff]." *Classic Laundry & Linen Corp. v. Travelers Cas. Ins. Co. of Am.*, 739 F. App'x 41, 43 (2d Cir. 2018); *see also Sportsinsurance.com, Inc. v. Hanover Ins. Co., Inc.*, No. 21-1967-cv, 2022 WL 16706941, at *4–5 (2d Cir. Nov. 4, 2022) (enforcing a similar two-year statute of limitations in insurance dispute and dismissing breach of contract and declaratory judgment claims). The parties' agreed-upon statute of limitations is therefore enforceable—and not unconscionable as Plaintiff contends.

Plaintiff's proposed claim that Travelers breached its duty of good faith and fair dealing is futile because it is similarly time-barred by the insurance policy's statute of limitations. Plaintiff alleges that Travelers failed in "its duties to investigate in good faith, adjust property damage and loss, and pay claims covered by Plaintiff's valid policy." ECF No. 10-1 ¶ 61. This claim is based on the same coverage dispute involving the fire at Plaintiff's property, *see id.* ¶¶

---

appears that even New York's six-year statute of limitations for breach of contract claims would bar Plaintiff's claim. *See* N.Y. C.P.L.R. § 213(2).

12

54–55, to which the two-year statute of limitations applies, so it is still time-barred even though Plaintiff has attempted to repackage it as a different claim. *See Sportsinsurance.com*, 2022 WL 16706941, at *5 (enforcing insurance policy's two-year statute of limitations to dismiss covenant of good faith and fair dealing claim).

Plaintiff's good faith and fair dealing claim is also futile because, even if it were not barred by the statute of limitations in Plaintiff's insurance policy, it would be dismissed as duplicative of Plaintiff's breach of contract claim. According to New York law, a good faith and fair dealing claim can survive dismissal when a breach of contract claim is dismissed "only if it is based on allegations different from those underlying the breach of contract claim, and the relief sought is not intrinsically tied to the damages that flow from the breach of contract." *JN Contemporary Art LLC v. Phillips Auctioneers LLC*, 29 F.4th 118, 128 (2d Cir. 2022) (affirming dismissal of good faith and fair dealing claim). Plaintiff's claim does not meet these criteria because it is "based on the same conduct, allege[s] the same damages, and seek[s] the same relief" as Plaintiff's contract claim. *Park v. State Farm Mut. Auto. Ins. Corp.*, No. 20-cv-1982, 2023 WL 6318278, at *9 (E.D.N.Y. Sept. 5, 2023), *report and recommendation adopted in full*, 2023 WL 6308086 (E.D.N.Y. Sept. 27, 2023) (denying as futile motion to amend complaint in insurance dispute to add good faith and fair dealing claim based on defendant's denial of coverage); *see also Hunt Constr. Grp., Inc. v. Berkley Assurance Co.*, No. 21-2532-cv, 2022 WL 17825813, at *3 (2d Cir. Dec. 21, 2022) (affirming summary judgment dismissing good faith and fair dealing claim as "redundant" in insurance dispute because claim was based on defendant's denial of coverage). The Court, therefore, denies Plaintiff leave to amend its complaint to assert against Travelers a claim for breach of the covenant of good faith and fair dealing.

**CONCLUSION**

For the reasons set forth above, the Court GRANTS Defendant Travelers' motion to dismiss Plaintiff's complaint in full, *see* ECF No. 8, and DENIES Plaintiff's request for leave to amend its complaint, *see* ECF No. 10.  Plaintiff's claims against Travelers are dismissed with prejudice and without leave further to amend Plaintiff's complaint.  However, since this decision does not permit Plaintiff to amend its complaint to add its insurance broker, Sherwood, as a new defendant, this decision does not address the merits of Plaintiff's proposed claims against Sherwood.  Plaintiff is free to attempt to pursue those claims in state court since there is no diversity of citizenship between Plaintiff and Sherwood.  The Clerk of Court is respectfully directed to enter judgment dismissing Plaintiff's claims against Defendant Travelers and to close this case.

SO ORDERED.

                                                              */s/ Hector Gonzalez*
                                                              HECTOR GONZALEZ
                                                              United States District Judge

Dated: Brooklyn, New York
         January 2, 2024